# United States District Court for the

# Southern District of New York

United States
v.
Vincent Cannady

## Case Nos.7:24-cr-278

**Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241
and
Emergency Motion for Temporary Restraining Order and Preliminary Injunction**

## I. NATURE OF EMERGENCY RELIEF REQUESTED

Vincent Cannady ("Petitioner"), proceeding pro se, respectfully petitions for emergency habeas relief under 28 U.S.C. § 2241 and moves for a Temporary Restraining Order and Preliminary Injunction preventing unlawful extension of his federal sentence.

Petitioner is currently confined at the Metropolitan Detention Center and has a projected release date of May 22, 2026, according to Bureau of Prisons records. However, Petitioner has received documentation indicating that the sentencing court has directed the Bureau of Prisons not to release him and to suspend credit for time served based on a civil contempt order. This has resulted in unlawful alteration of his sentence execution.

## II. JURISDICTION AND LEGAL BASIS

This Court has jurisdiction under 28 U.S.C. § 2241 because Petitioner challenges the execution of a federal sentence and the legality of continued detention beyond the term authorized by law.

See Preiser v. Rodriguez, 411 U.S. 475 (1973) (No. 72-1180), United States Supreme Court (habeas corpus is proper vehicle for unlawful custody claims).

1

Federal courts retain authority to correct unlawful detention arising from miscalculation or improper execution of a sentence.

## III. GOVERNING STATUTORY AUTHORITY

The computation of federal sentences and credit for time served is governed exclusively by statute:

18 U.S.C. § 3585 (Authority of Bureau of Prisons to compute sentence credit and detention time)

The Supreme Court has held that sentencing courts lack authority to compute or modify sentence credit after sentencing.

See United States v. Wilson, 503 U.S. 329 (1992) (No. 90-5351), United States Supreme Court.

## IV. STATEMENT OF FACTS (SUMMARY)

Petitioner was sentenced in federal court and is currently in custody at the Metropolitan Detention Center.

The Bureau of Prisons has provided a projected release date of May 22, 2026.

Petitioner has now received notice that the sentencing court has directed that his time served not be credited from the sentencing date and that his release be suspended based on a civil contempt order.

This action effectively extends Petitioner's incarceration beyond his lawful sentence.

## V. LEGAL CLAIMS

### A. Improper Alteration of Sentence Credit

The sentencing court lacks authority to alter sentence computation or credit.

See United States v. Wilson, 503 U.S. 329 (1992) (No. 90-5351).

Any judicial attempt to suspend or alter credit for time served violates statutory sentencing authority under 18 U.S.C. § 3585.

### B. Due Process Violation for Unlawful Extension of Sentence

Retroactive or unauthorized extension of punishment violates due process protections.

See North Carolina v. Pearce, 395 U.S. 711 (1969) (No. 43), United States Supreme Court.

### C. Improper Use of Civil Contempt to Extend Incarceration

Civil contempt must be coercive, not punitive, and must allow the contemnor to purge the sanction.

See International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821 (1994) (No. 93-412), United States Supreme Court.

Where contempt functions as additional punishment, it violates constitutional safeguards.

### D. Irreparable Harm

Loss of liberty constitutes irreparable harm as a matter of law where detention exceeds lawful sentence limits.

3

Petitioner is being held beyond his Bureau of Prisons-calculated release date due to improper judicial interference.

## VI. STANDARD FOR EMERGENCY RELIEF

Emergency injunctive relief requires consideration of:

Likelihood of success on the merits

Irreparable harm

Balance of equities

Public interest

See Nken v. Holder, 556 U.S. 418 (2009) (No. 08-681), United States Supreme Court.

Petitioner satisfies all factors:

Likelihood of success is high due to clear statutory limits on sentence credit authority. Irreparable harm exists due to unlawful detention.

Equities favor maintaining lawful release computation.

Public interest favors enforcement of lawful sentencing statutes.

## VII. EXHIBITS

Petitioner may submit the following supporting documents:

Exhibit A – Order 563 referencing sentencing court directive affecting release

Exhibit B – Civil contempt orders 564, 563, 556, 550, 547.

## VIII. REQUEST FOR RELIEF

Petitioner respectfully requests that this Court:

1.  Issue a writ of habeas corpus under 28 U.S.C. § 2241 directing lawful computation of sentence credit under 18 U.S.C. § 3585

2.  Declare that only the Bureau of Prisons has authority to calculate sentence credit

3.  Enjoin enforcement of any directive that suspends, tolls, or extends Petitioner's sentence based on civil contempt

4.  Order immediate correction of Petitioner's sentence computation

5.  Grant temporary restraining order and preliminary injunction preventing unlawful detention beyond lawful release date

6.  Grant any further relief the Court deems just and proper

## IX. REQUEST FOR EXPEDITED REVIEW

Due to the imminent release date of May 22, 2026 and ongoing alleged unlawful extension of custody, Petitioner respectfully requests expedited consideration of this emergency motion.

## X. DECLARATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge and belief.

Executed on this 1: day of April, 2026.

Respectfully submitted,

Vincent Cannady
Petitioner Pro Se